UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| C.D.A., minor child, and Mr. A., his father; and E.A.Q.A., minor child, and Mr. Q., his father, <br><br> *Plaintiffs*, <br><br> v. <br><br> United States of America, <br><br> *Defendant*. | Civil Action No. 21-469 <br><br> **MOTION FOR LEAVE TO FILE UNDER PSEUDONYMS** |

Plaintiffs in the above-captioned matter hereby respectfully request leave to file this action under pseudonyms pursuant to the legal standards articulated in *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011). A proposed order is attached.

1. Plaintiffs are two asylum-seeking families, each composed of one father and one minor child. Plaintiffs bring a civil rights action against the United States government for its policy of "family separation," implemented by the Department of Homeland Security and its sub-agencies U.S. Customs and Border Protection and U.S. Immigration and Customs Enforcement, and the Department of Health and Human Services within which the Office of Refugee Resettlement is housed. Defendants harmed Plaintiffs through forcible separation of the Plaintiff children from their respective fathers, violating their rights to familial integrity, which has caused and continues to cause them ongoing physical, psychological and

emotional pain.

2. Plaintiffs are either actively petitioning for asylum before the Philadelphia Immigration Court or are awaiting their reasonable fear proceedings before the U.S. Citizenship and Immigration Services Asylum Office. Integral to their claims for protection are their claims that they fear persecution, death or torture should they be returned to their countries of origin. Should Plaintiffs ultimately fail to prevail in their asylum claims, Plaintiffs are vulnerable to removal from the United States. Maintaining the confidentiality of Plaintiffs' identities and the details of their claims is essential to preventing harm to Plaintiffs, and comports with the confidentiality provisions concerning asylum-seekers.

3. Further, the publicity attendant to persons subjected to the family separation policy cannot be overstated. The pattern of family separation and harm to children by the United States government from 2018 through to the present has been widely publicized in media outlets in print and television news. The use of Plaintiffs' initials is a well-intentioned compromise to ensure that the public maintains access to information of public interest which may derive from these proceedings, but at the same time ensure the privacy of asylum-seekers and prevents Plaintiffs, parents and children, from harm.

4. Federal Rule of Civil Procedure 10(a) requires that a complaint state all of the names of the parties. Fed. R. Civ. P. 10(a). "Disclosure of the parties'

identities furthers the public interest in knowing the facts surrounding judicial proceedings." *See Doe v. George Wash. Univ.*, 369 F. Supp. 3d 49 (D.D.C. 2019) (citing *Doe v. Cabrera*, 307 F.R.D. 1, 4 (D.D.C. 2014) (Walton, J.) (quoting *Nat'l Ass'n of Waterfront Emp'rs v. Chao*, 587 F. Supp. 2d 90, 99 (D.D.C. 2008))).

5. The court in *Megless* adopted "non-exhaustive" factors from *Doe v. Provident Life and Acc. Ins. Co.*, 176 F.R.D. 464, 467 (E.D. Pa. 1997) to help analyze whether anonymity is warranted. The relevant factors favoring anonymity are:

> (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.

*Id.* at 409.

6. The factors adverse to maintaining anonymity are:

> (1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.

*Id*.

7. Although Rule 10(a) of the Federal Rules contains identification requirements, this Honorable Court has the discretion to permit litigants to proceed anonymously "in exceptional cases." *United States v. Microsoft Corp.*, 56 F.3d 1448, 1464 (D.C. Cir. 1995) (quoting *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993)).

8. Indeed, courts have found that there is "an independent duty to determine whether 'exceptional circumstances' warrant a departure from the normal method of proceeding' in federal litigation." *Freedom from Religion Foundation, Inc. v. New Kensington-Arnold School Dist.*, 2012 WL 6629643, at *3 (W.D. Pa. Dec. 19, 2012) (quoting *Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004)); *see also Doe v. County of Lehigh*, 2020 WL 7319544, at *3 (E.D. Pa. Dec. 11, 2020) (Leeson, J.).

9. The balancing of the *Megless* factors support the granting of Plaintiffs' motion and to proceed under pseudonyms, namely their initials.

10. The federal government protects the confidentiality of asylum-seekers by regulation. *See* 8 C.F.R. § 208.6. According to the U.S. Citizenship and Immigration Services Asylum Confidentiality Fact Sheet,[1] the reason for that protection is as follows:

> Public disclosure of asylum-related information may subject the claimant to retaliatory measures by government authorities or non-state actors in the

---

[1] https://www.uscis.gov/sites/default/files/document/fact-sheets/fctsheetconf061505.pdf

4

event that the claimant is repatriated, or endanger the security of the claimant's family members who may still be residing in the country of origin. Moreover, public disclosure might, albeit in some limited circumstances, give rise to a plausible protection claim where one would not otherwise exist by bringing an otherwise ineligible claimant to the attention of the government authority or non-state actor against which the claimant has made allegations of mistreatment. Because refugee applicants face similar negative consequences when their information is disclosed to a third party, as a matter of policy, USCIS extends the same protections outlined in 8 C.F.R. § 208.6 to refugees.

11. Revealing Plaintiffs' names subjects them to the potential of serious retaliatory harm should they be subjected to removal from this country. They are persons who fled countries suffering tremendous violence, who are seeking protection in the United States. Revealing their identities could subject them to significant danger if they are removed.

12. Plaintiffs are minors and their parents who were subjected to harm by the United States government in their very public campaign known as "family separation," which garnered world-wide attention and horror. They endure continuing trauma as a result of the deliberate conduct of the United States to inflict harm upon them, and seek to proceed under their initials in their instant claims to avoid undue attention towards them which may reach their home countries and place their lives and the lives of their families at additional risk.

13. Plaintiffs are willing to disclose their full names and A numbers under seal. Notably, federal district courts protect the identity of minors as a matter of course, and routinely protect the identity of asylum seekers to ensure their security

in federal civil and immigration proceedings.

14. The public interest of open proceedings does not, and cannot, outweigh the safety of the Plaintiffs. Further, as Plaintiffs were persons harmed by the United States government during family separation, there is no public interest in subjecting them to further harm as a result of this abhorrent policy. There may very well be a substantial public interest in the proceedings themselves; however, that interest is no less satisfied by using initials rather than full and complete names. Plaintiffs have conducted themselves anonymously in their concurrently filed complaint. No other motive exists in support of this motion, other than to protect the minors on the complaint and to ensure confidentiality of the asylum-seeking parents protected by the policy outlined above.

15. There are no known adverse factors that compel the denial of this motion.

16. There is no unfairness to the opposing parties, the government Defendants, in allowing the Plaintiffs to proceed under pseudonyms – their own policies and regulations support confidentiality. Further, Petitioners' interests in proceeding anonymously for their protection outweighs the public's right to access their identifying information in judicial proceedings as enumerated by the Third Circuit.

17. Accordingly, Plaintiffs, through counsel, request the ability to

prosecute this action while maintaining confidentiality of their identities. As families with minor children who have been subjected to terrible violence in the countries from which they fled, Plaintiffs are especially vulnerable and require confidentiality of identity to protect them from further trauma, harm or humiliation.

Dated: March 22, 2021

Respectfully submitted,

*/s/ Karen L. Hoffmann*
Karen L. Hoffmann
SYRENA LAW
128 Chestnut Street, Suite 301A
Philadelphia, PA 19106
412-916-4509
karen@syrenalaw.com

Bridget Cambria
Amy Maldonado*
ALDEA – THE PEOPLE'S JUSTICE CENTER
532 Walnut Street
Reading, PA 19601
484-877-8002
bridget@aldeapjc.org
amy@aldeapjc.org

*Attorneys for Plaintiffs*

*Petition for pro hac vice admission pending*

# **CERTIFICATE OF SERVICE**

I, Karen Hoffmann, certify that on March 22, 2021, I served a copy of the Motion for Leave to File Under Pseudonyms on all parties by CM/ECF.

Date: March 22, 2021

*/s/ Karen L. Hoffmann*
Karen L. Hoffmann
SYRENA LAW
128 Chestnut Street, Suite 301A
Philadelphia, PA 19106
412-916-4509
karen@syrenalaw.com

*Counsel for Petitioner*