IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| C.D.A., a minor child, and Mr. A., his father; and E.A.Q.A., a minor child, and Mr. Q., his father, | : : : : | Civil Action No. 5:21-cv-00469 |
| Plaintiffs, | : : | |
| v. | : : | |
| The United States of America, | : : | |
| Defendant. | : | |

## ORDER

AND NOW, this _____ day of _____, 2021, on consideration of the Motion for a Protective Order, and the response of defendant United States of America, it is ORDERED that the motion is GRANTED as follows:

1. Plaintiffs are permitted to proceed in this case using the pseudonyms "C.D.A.," "Mr. A.," "E.A.Q.A.," and "Mr. Q," which are the names used in their complaint;

2. Any pleadings or other documents filed with the Court shall redact the actual names of these plaintiffs or use pseudonyms in lieu of actual names. The same shall be true for the use of names during any public, pre-trial hearing;

3. Any discovery, including depositions, in this action may be conducted using the plaintiffs' real names;

4. This Order does not extend or apply to any trial in this matter; and

5. This Order is without prejudice to any party's ability to seek modification at a later date.

BY THE COURT:

_____
HONORABLE EDWARD G. SMITH
Judge, United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| C.D.A., a minor child, and Mr. A., his father; and E.A.Q.A., a minor child, and Mr. Q., his father, : : : | |
| | Civil Action No. 5:21-cv-00469 |
| Plaintiffs, : : | |
| v. : : | |
| The United States of America, : : | |
| Defendant. : | |

**THE UNITED STATES OF AMERICA'S RESPONSE TO THE PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER**

Defendant United States of America submits this response to the Motion for a Protective order (Doc. 4), filed by the plaintiffs C.D.A., Mr. A, E.A.Q.A., and Mr. Q.

At this time, considering the current state of this matter, and having reviewed the factual assertions underlying the request for a protective order, the United States does not oppose entry of an order allowing the plaintiffs to proceed in this litigation using pseudonyms in public filings. In regard to the two minor plaintiffs, C.D.A. and E.A.Q.A., the United States has no objection to the use of pseudonyms both in filings and in hearings in this matter. As minor plaintiffs their public identity would be shielded in any tort proceeding.

However, should the Court in its discretion decide to grant the motion—following its own, independent analysis of the applicable factors—the United States requests that the Court's order provide certain limitations and caveats (rather than the blanket anonymity requested by Plaintiffs), as suggested in the attached proposed Order.

First, the government's non-opposition to the motion is based on information currently known to the United States and is limited to the current and foreseeable posture of this case. Therefore, the United States requests that any Order expressly state that it is "without prejudice" to the United States' or any other party's ability later to raise the issue

2

or to seek modification. The grounds for the non-minor plaintiffs use of pseudonyms is, in part, due to their pending asylum proceedings. Resolution of those pleadings would change the analysis as to whether Mr. A and Mr. Q should continue to proceed under pseudonyms.

Second, should this matter proceed beyond the government's pending motion to dismiss, the United States requests that any Order expressly provide that any non-public discovery be conducted using the plaintiffs' real names. The United States further asks that the Court reserve for a later date the decision of whether any public trial in this matter be conducted using the non-minor plaintiffs' real names. That is because, even when information may be kept confidential during discovery, there is a strong presumption against confidentiality in court proceedings. *See In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, 924 F.3d 662, 670-73 (3d Cir. 2019).

Additionally, by law, counsel for the United States may not consent to the closure of any proceeding or to the sealing of proceedings or documents used at a trial. *See* 28 C.F.R. § 50.9. Therefore, the United States requests that should the Court grant the motion, that it grant the motion conditionally (i.e., for public filings, but not for non-public discovery proceedings), and for a limited time (i.e., only until a potential trial). *See, e.g., Doe v. Brennan,* No. 5:19-cv-5885, 2020 U.S. Dist. LEXIS 73704, at *9-10 (E.D. Pa. Apr. 27, 2020) (permitting anonymity only on a conditional basis, for a limited time); *Malibu Media, LLC v. Does 1-16*, 902 F.Supp.2d 690, 701 (E.D. Pa. 2012) (permitting anonymity only until trial or judgment with the ability to request court modification).

Furthermore, despite the United States' current non-opposition (made subject to the caveats noted above), the government recognizes that the Court has "an independent duty to determine whether 'exceptional circumstances' warrant a departure from the normal method of proceeding" in federal litigation." *Freedom from Religion Found., Inc. v. New Kensington-Arnold Sch. Dist.,* No. 2:12-cv-1319, 2012 U.S. Dist. LEXIS 179531, at *4 (W.D. Pa. Dec. 19, 2012) (unopposed motion is not sufficient justification to permit anonymous litigation) (citing *Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004)); *Smith v. United*

*States Office of Pers. Mgmt.,* No. 2:13-cv-5235, 2014 U.S. Dist. LEXIS 203893, at *4 (E.D. Pa. Jan. 21, 2014*)* (even when a defendant does not oppose a motion to proceed anonymously, court has "an independent obligation to determine whether it is appropriate.").

Whether this is an "exceptional" case in which the plaintiffs will "suffer substantial harm that might sufficiently outweigh the public interest in an open trial," is within the Court's broad discretion. *Doe v. Megless*, 654 F.3d 404, 410 (3d Cir. 2011); *see also Doe v. C.A.R.S. Protection Plan, Inc.*, 527 F.3d 358, 371 n.2 (3d Cir. 2008); *Doe v. Provident Life & Accident Ins. Co.*, 176 F.R.D. 464, 466 (E.D. Pa. 1997); *Doe v. Morrisville*, 130 F.R.D. 612, 614 (E.D. Pa. 1990). The Court should balance a plaintiff's interest against the public's strong interest in an open litigation process, and consider all the various factors at issue, including heightened public interest where, as here, the defendant is a government body. *Megless*, 654 F.3d at 411; *see also James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993).

In sum, the United States does not, at this time, oppose the plaintiffs' motion. However, the United States respectfully requests that any protective order entered be conditional, limited in time and scope, and without prejudice to future developments or requests for modification. Should the Court decide to grant the motion, a proposed order containing these appropriate caveats to the relief sought is attached.

    Respectfully submitted,

    JENNIFER ARBITTIER WILLIAMS
    Acting United States Attorney

    /s/ Susan R. Becker on behalf of
    GREGORY B. DAVID
    Assistant United States Attorney
    Chief, Civil Division

    /s/Veronica J. Finkelstein
    VERONICA J. FINKELSTEIN
    ANTHONY ST. JOSEPH
    Assistant United States Attorneys

*Counsel for the United States of America*

Dated:  March 24, 2021

## CERTIFICATE OF SERVICE

I certify that on this date, I filed the foregoing response with the Court and served it via ECF case filing and email, on the following:

Karen L. Hoffman
Syrena Law
128 Chestnut Street, Suite 301A
Philadelphia, PA 19106
karen@syrenalaw.com

Bridget Cambria
Amy Maldonado
Aldea-The People's Justice Center
532 Walnut Street
Reading, PA 19601
bridget@aldeapjc.org
amy@amaldonadolaw.com

Dated: March 24, 2021                    /s/ Veronica J. Finkelstein
                                         VERONICA J. FINKELSTEIN
                                         Assistant United States Attorney