## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

C.D.A., a minor child, and Mr. A.,      :
his father; and E.A.Q.A., a minor      :
child, and Mr. Q., his father,      :      Civil Action
     :      No. 5:21-cv-00469

         Plaintiffs,      :
     :

             v.      :
     :

The United States of America,      :
     :

         Defendant.      :

## <u>THE UNITED STATES' ANSWER TO PLAINTIFFS' AMENDED COMPLAINT</u>

The United States, through undersigned counsel, answers Plaintiffs'

Amended Complaint as follows:

### GENERAL ANSWER

Plaintiffs quote various documents throughout their Amended Complaint,

including cases, media articles, and investigatory reports. Accordingly, in the

following specific answers, to the extent a paragraph cites a source solely as support

for a factual allegation, the United States answers the allegation in accordance with

Rule 8 by either admitting, denying, or pleading lack of sufficient information with

respect to the factual allegation. The citation of the source underlying the factual

allegation is in and of itself not a factual allegation requiring a response. However,

to the extent a paragraph contains a factual allegation, quotes a source in whole or

in part in a manner requiring a response as to its truthfulness or accuracy, or

specifically describes the findings or conclusions of a report, policy, or other cited

source, the United States answers the allegation in accordance with Rule 8 as part of the following specific answers to each paragraph of the Amended Complaint. Furthermore, insofar as there are allegations regarding the subjective mindset, knowledge, or motivation of various Executive Branch officials and employees, those allegations are denied throughout the Answer.

Additionally, insofar as allegations relate to or reference the identities, ages, relationships, and nationalities of Plaintiffs, those allegations are denied throughout the Answer where the United States lacks information sufficient to form a belief as to the allegations because Plaintiffs are proceeding pseudonymously. Admissions or denials, in full or in part, of such allegations are qualified that the United States is answering based on its belief, but lack of certainty, as to the identities of Plaintiffs.

Finally, the Court granted, in part, the United States' Motion to Dismiss eliminating several of Plaintiffs' claims and the need to respond to portions of the Amended Complaint. The United States notes those stricken portions in its specific answers.

## INTRODUCTION

1.      All factual assertions are denied. The allegation that Plaintiffs' treatment meets the definition of intentional infliction of emotional distress is denied as a conclusion of law not requiring an answer. Plaintiffs' allegations that the United States violated international law have been dismissed and are also denied as legal conclusions not requiring an answer.

2

2.      Denied as stated. The United States Government Accountability Office report speaks for itself and any characterization of it is denied. All remaining factual allegations are denied. Plaintiffs' multiple legal conclusions are denied and do not require a response to the extent any survived dismissal.

3.      The allegation that senior governmental officials conspired together to violate the law is denied as a conclusion of law to which no response is required.

4.      The allegations in this paragraph regarding a federal court injunction and that the United States was pursuing an unlawful policy are denied as legal conclusions not requiring a response. The remaining factual allegations are denied.

5.      The newspaper article and publicly released government reports cited by Plaintiffs speak for themselves and any characterization of them is denied. The remaining factual allegations are denied.

6.      The United States denies the factual allegations. Plaintiffs' allegation that the United States violated the 1997 *Flores* Settlement Agreement is denied as a legal conclusion not requiring a response.

7.      The United States admits that the United States Department of Health and Human Services ("HHS") and its component, the Office of Refugee Resettlement ("ORR"), are responsible for the care and placement of unaccompanied children ("UCs"). The remaining factual allegations are denied.

8.     Paragraph 8 consists of Plaintiffs' legal interpretation of the decision in *W.S.R. and C.D.A. v. Sessions, et al.*, and therefore does not require a response. To the extent a response is required, the allegations are denied.

9.     Admitted that asylum is a lawful process that noncitizens may seek. The remaining allegations are denied.

10.     Admitted in part and denied in part. By way of further answer, admitted that Plaintiff sons and fathers were separated from each other for a limited time. The remaining allegations are denied.

11.     Paragraph 11 constiutes Plaintiffs' allegations of damages and is denied.

12.     Plaintiffs' factual allegations are denied. Plaintiffs' allegation that their separations constitute unlawful cruel and unusual punishment is denied as a legal conclusion requiring no response.

13.     Denied. The allegations in Paragraph 13 are legal conclusions requiring no response. To the extent a response is required, the United States admits that the United States of America is the appropriate defendant in an action brought under the Federal Torts Claim Act ("FTCA"). Plaintiffs' claims under the Alien Tort Statute ("ATS") have been dismissed.

14.     Admitted that Plaintiffs bring this Amended Complaint under the FTCA. Plaintiffs' claims under the ATS have been dismissed and are therefore denied.

### JURISDICTION AND VENUE

15.     Admitted that this lawsuit is brought under 28 U.S.C. § § 1331, 1346(b) and 1350.

16.     The United States admits that Plaintiffs presented administrative tort claims to DHS entities and HHS on or around July 2020. The United States admits that neither the DHS entities nor HHS made a final disposition of the administrative tort claims. The allegations regarding exhaustion of administrative remedies are denied as conclusions of law to which no response is required.

17.     Admitted that 28 U.S.C. § § 2201 and 2202 authorize declaratory judgments.

### PARTIES

18.     Admitted that Plaintiff Mr. A. is an adult from Brazil who crossed the southern border of the United States and subsequently applied for asylum. The United States lacks knowledge or information sufficient to form a reasonable belief as to the truth or falsity of the remaining allegations of paragraph 18 and therefore denies them.

19.     Admitted that Plaintiff C.D.A. is the minor child of Mr. A. who accompanied his father from Brazil. Admitted that his father filed this claim on his behalf. The United States lacks knowledge or information sufficient to form a reasonable belief as to the truth or falsity of the allegations of paragraph 19 and therefore denies them.

20.     Admitted that Plaintiff Mr. Q. is an adult from Honduras who crossed the southern border of the United States and subsequently applied for asylum. The United States lacks knowledge or information sufficient to form a reasonable belief as to the truth or falsity of the allegations of paragraph 20 and therefore denies them.

21.     Admitted that Plaintiff E.A.Q.A., also from Honduras, is Mr. Q.'s son, and accompanied him when he crossed the southern border of the United States. The United States lacks knowledge or information sufficient to form a reasonable belief as to the truth or falsity of the allegations of paragraph 21 and therefore denies them.

22.     Admitted that the FTCA applies to the United States. Plaintiffs' claims under the ATS have been dismissed and are denied.

23.     Admitted that the federal officers referenced in the Amended Complaint were employees of the United States. By way of further answer, the federal officials referenced in the Amended Complaint were acting in their official capacity at all relevant times.

24.     Admitted in part and denied in part. Admitted that officers of U.S. Customs and Border Protection ("CBP") and U.S. Immigration and Customs Enforcement ("ICE") are Department of Homeland Security ("DHS") employees. The remaining factual allegations are denied.

25.     Denied as stated. The United States admits that ORR enters into cooperative agreements with non-governmental entities for the placement of

unaccompanied minors and has policies governing the monitoring of those placements. ORR does not supervise or control the day-to-day operations or detailed physical performance of those non-governmental entities or their staff. The remaining factual allegations are denied.

26.    The United States lacks knowledge or information sufficient to form a reasonable belief as to the truth or falsity of the allegations of paragraph 26 that unnamed federal agents referenced in the Amended Complaint were, at all relevant times, acting as investigative or law enforcement officers and therefore denies them.

## STATEMENT OF FACTS

27.    Denied.

28.    The United States denies that there was a family separation pilot program. The United States admits that there was a program in El Paso Sector prioritizing criminal prosecution of illegal entry and that some family units were separated in 2017. The United States denies the remaining allegations in this paragraph.

29.    The United States denies that there was a family separation pilot program. The United States admits that there was a program in El Paso Sector prioritizing criminal prosecution of illegal entry and that children of parents referred for prosecution were transferred to HHS custody. Plaintiffs' remaining factual allegations are references to an OIG Report, GAO Report and various news articles. Each of those publications speaks for themselves

and any characterizations of the publications are denied. The United States lacks information sufficient to form a belief as to the truth of the allegations within the news articles and therefore denies those allegations. The United States admits that the OIG report speaks for itself and denies any characterization of the report. The remaining allegations in this paragraph are denied.

30.     The United States admits that the cited OIG report states that "[f]rom July through November 2017, the El Paso sector of CBP, an agency within DHS, implemented new policies that resulted in 281 individuals in families being separated." Insofar as the number of family units separated according to the OIG report is intended to be an allegation, the United States lacks information sufficient to form a belief as to the truth or falsity of this allegation and therefore denies the allegation.

31.     Denied as stated. The referenced document speaks for itself and any characterization of it is denied. The referenced newspaper article also speaks for itself and to the extent its contents are presented as factual assertions, they are denied. The Plaintiffs' allegation that the existence of the referenced memorandum is evidence of intent is denied as a legal conclusion that does not require a response.

32.     Denied. By way of further answer, it is denied that the internal memorandum cited constitutes a "policy" enacted by the United States. The memorandum speaks for itself and any characterization of it is denied. To the

extent Plaintiffs' allegations interpret the meaning of the memorandum or allege the effect of the memorandum on the United States' actions, those allegations are denied as legal conclusions requiring no response.

33.     Denied as stated. The United States admits that on April 6, 2018, the Attorney General issued a memorandum for federal prosecutors along the Southwest border regarding "zero-tolerance" for offenses under 8 U.S.C. § 1325(a). Plaintiffs' conclusion that the Attorney General's April 18, 2018 memorandum was consistent with some parts of the December 2017 internal administration memorandum is denied as a legal conclusion not requiring a response. To the extent a response is required, that allegation is denied.

34.     Admitted that on April 6, 2018, the Attorney General issued a memorandum for federal prosecutors along the Southwest border regarding "zero-tolerance" for offenses under 8 U.S.C. § 1325(a). Denied that there was an "El Paso Pilot program."

35.     Denied as stated. Admitted that the United States issued a memorandum regarding "zero tolerance." Denied that the "intent" of the memorandum was family separation.

36.     Denied as stated. The statement referenced in Footnote 24, a White House Statement & Press Release from April 9, 2018, speaks for itself and any characterization of it is denied. Plaintiffs' interpretation of the White House April 9, 2018, statement and Plaintiffs' allegations as to the intent of the "zero tolerance" memorandum are denied as legal conclusions that do not

require a response.

37.    The allegations contained in Paragraph 37 consist of quotations from various news articles. Each of the referenced articles speaks for itself and any characterization of them is denied. To the extent that a response is required, the United States lacks knowledge or information sufficient to form a reasonable belief as to the truth or falsity of the allegations of paragraph 37 and therefore denies them.

38.    The allegations contained in Paragraph 38 consist of quotations from various new articles. Each of the referenced articles speaks for itself and any characterization of them is denied. To the extent that a response is required, the United States lacks knowledge or information sufficient to form a reasonable belief as to the truth or falsity of the allegations of paragraph 38 and therefore denies them.

39.    Denied. By way of further answer, the allegations in Paragraph 39 and subparts (a), (b), (c) are not factual assertions but rather consist of quotations from various news articles and a 2016 Report from a DHS advisory committee intended to support Plaintiffs' argument about the reason the Attorney General issued the April 2016 zero-tolerance memoranda. Each of those publications speaks for itself and any characterization of them is denied. To the extent that a response is required, the United States lacks knowledge or information sufficient to form a reasonable belief as to the truth or falsity of the allegations of paragraph 39 and therefore denies them.

40.     The allegation in Paragraph 40 that the United States acted "intentionally and/or recklessly" is denied as a legal conclusion requiring no response. The United States denies the remaining statements because they are Plaintiffs' characterizations of a DHS OIG report that speaks for itself. The United States denies Plaintiffs' conclusions regarding a potential damage claim.

41.     The United States admits that articles were published in May 2018 about family separations. The United States denies that a "family separation policy" existed.

42.     Denied as stated. Though various government officials made various statements with respect to "zero tolerance," the United States lacks knowledge or information sufficient to form a reasonable belief as to the truth or falsity of the allegations of paragraph 42 and therefore denies them.

43.     Denied. Paragraph 43 consists of references to news articles purporting to quote an OIG report and therefore is not a statement of fact requiring a response.

44.     The United States admits that the quoted words in this paragraph appear in the cited "tweet" by former President Trump, dated December 16, 2018. The United States lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph and therefore denies the remaining allegations.

45.     The United States denies the allegations of paragraph 45 as stating

legal conclusions requiring no response. To the extent that a response is required, the factual assertions are denied except that the legal architecture for noncitizens seeking asylum emerged from the post-World War II international environment as addressed by the 1951 United Nations Refugee Convention.

**2. Implementation of the Policy**

46.     The United States denies that it had a policy to separate asylum-seeking parents and children. The United States admits that the so-called "zero tolerance" memorandum applied to the United States' southwest border.

47.     Denied.

48.     Denied.

49.     Denied as stated. The United States lacks knowledge or information sufficient to form a reasonable belief as to the truth or falsity of the allegations of paragraph 49 and therefore denies them.

50.     Denied as stated. The United States lacks knowledge or information sufficient to form a reasonable belief as to the truth or falsity of the allegations of paragraph 50 and therefore denies them.

51.     Denied as stated. The United States lacks knowledge or information sufficient to form a reasonable belief as to the truth or falsity of the allegations of paragraph 51 and therefore denies them.

52.     Denied as stated. Admitted that certain children were separated from

non-citizen adults after determination that the adult was subject to prosecution. If it was determined that the adult was subject to prosecution, the child was transferred to ORR custody. The remaining factual allegations are denied.

53.    Admitted that certain children were separated from non-citizen adults and transferred to ORR custody after determination that the adult was subject to prosecution. The allegations in Paragraph 53 are otherwise denied as stated. By way of further answer, the United States lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations and therefore denies them.

54.    Admitted that certain children were separated from non-citizen adults and transferred to ORR custody after determination that the adult was subject to prosecution. The allegations in Paragraph 54 are otherwise denied as stated. By way of further answer, the United States lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations and therefore denies them.

55.    Admitted that certain children were separated from non-citizen adults and transferred to ORR custody after determination that the adult was subject to prosecution. By way of further answer, the United States lacks information sufficient to form a belief as to the truth or falsity of the remaining general allegations but this paragraph is otherwise denied because both Plaintiff fathers were referred for prosecution, though the criminal

proceeding against Mr. Q. was later dismissed.

56.    Denied as stated. By way of further answer, admitted that certain children were separated from non-citizen adults and transferred to ORR custody in accordance with federal law after determination that the adult was subject to prosecution. The remaining allegations in Paragraph 56 are denied.

57.    The United States admits that the quoted words are found in the cited May 11, 2018, transcript of an NPR interview of John Kelly. Insofar as the quotations in this paragraph are intended to be allegations, the United States lacks information sufficient to form a belief as to the truth or falsity of these allegations and therefore denies them.

58.    The factual assertions in Paragraph 58 consist of opinion articles and unverifiable claims made to journalists by attorneys who purported to visit the southwest border. The United States lacks knowledge or information sufficient to form a reasonable belief as to the truth or falsity of the allegations of paragraph 58 and therefore denies them.

59.     Denied as stated. The two plaintiff parents in this Amended Complaint were not separated from their sons for "months;" therefore the allegation that they had to wait "months" to speak with their sons is denied. By way of further answer, the United States lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations and therefore denies them.

60.     The allegations in Paragraph 60 are denied as legal conclusions requiring no response. To the extent Plaintiffs make factual assertions as to the nature of their travel to the United States, the United States lacks sufficient information to form a belief as to the truth or falsity of these allegations and therefore denies them.

61.     The allegations in Paragraph 61 are denied as legal conclusions requiring no response. To the extent a response is required, The United States denies these allegations.

62.     The allegations in Paragraph 62 are denied as legal conclusions requiring no response. To the extent a response is required, The United States denies these allegations.

63.     Denied. By way of further answer, Plaintiff fathers and sons in this matter were reunited within weeks; and Plaintiffs' citation to the DHS OIG report does not appear to pertain to their experience.

64.     The *Ms. L.* decision cited by Plaintiffs speaks for itself. Plaintiffs' allegations characterizing the *Ms. L.* decision are not statements of fact to which a response is required. To the extent a response is required, the United States denies Plaintiffs' allegations characterizing the *Ms. L.* decision.

65.     The allegations in Paragraph 65 are denied as legal conclusions requiring no response. To the extent a response is required, the United States denies these allegations.

66.     Admitted in part and denied in part. Admitted that Plaintiffs

accurately cite an OIG report about the lack of a direct connection between HHS and DHS computer information systems. The remaining factual allegations are denied.

67.     The *Ms. L.* decision cited by Plaintiffs speaks for itself. Plaintiffs' allegations characterizing the *Ms. L.* decision are not statements of fact to which a response is required and are therefore denied. The remaining factual allegations are denied.

68.     Denied.

69.     The United States admits that on June 20, 2018, former President Trump issued Executive Order 13841, Affording Congress an Opportunity to Address Family Separations. The remaining allegations are denied.

70.     Admitted that Paragraph 70 quotes the June 20, 2018 Executive Order.

71.      Admitted that the June 20, 2018 Executive Order did not detail a reunification process for parents and children separated while zero-tolerance was in effect. The transcript from the *Ms. L* hearing speaks for itself and Plaintiffs' characterization of it is denied.

72.     The *Ms. L.* decision cited by Plaintiffs speaks for itself and any characterization of it is denied.  The remaining allegations are denied.

73.     Denied.

74.     Denied as stated. The quotations from the OIG reports do appear in those reports; Plaintiffs' characterizations of those reports are denied.

75.     The allegations in this paragraph consist of Plaintiffs'
characterizations of an OIG report. Plaintiffs' characterizations of the OIG
report are not statements of fact to which a response is required. To the
extent a response is required, the United States denies Plaintiffs'
characterization of the cited report, which speaks for itself.

76.     The allegations in this paragraph consist of Plaintiffs'
characterizations of an OIG report. Plaintiffs' characterizations of the OIG
report are not statements of fact to which a response is required. To the
extent a response is required, the United States denies Plaintiffs'
characterization of the cited report, which speaks for itself.

77.     The transcript from the *Ms. L* hearing speaks for itself and Plaintiffs'
characterization of it is denied.

78.     The decisions in *W.S.R. v. Sessions* and *Ms. L* each speak for
themselves, and Plaintiffs' characterization of those decisions is denied.

79.     Denied.

80.     Denied.

**B. Results of Family Separation**

81.     Denied. By way of further answer, Paragraph 81 presents Plaintiffs'
theory of damages, is not a statement of fact, and does not require a response.

82.     Denied. By way of further answer, Paragraph 82 presents Plaintiffs'
theory of damages, is not a statement of fact, and does not require a response.

83.     Denied. By way of further answer, Paragraph 83 presents Plaintiffs'

theory of damages, is not a statement of fact, and does not require a response.

84.     Denied. By way of further answer, Paragraph 84 is a conclusory statement on Plaintiffs' theory of damages, it is not a statement of fact, and does not require a response.

## C. The Seven Week Separation of Mr. A. and C.D.A.

### 1. Mr. A. and his son leave Brazil and travel to the United States

85.     The United States lacks knowledge or information sufficient to form a reasonable belief as to the truth or falsity of the allegations of paragraph 85 and therefore denies them.

86.     Admitted that Plaintiffs Mr. A. and his son, C.D.A., crossed the southern border into Texas on May 23, 2018, and were apprehended 8 miles east of the Santa Teresa Port of Entry. Plaintiffs made a claim for asylum. The remaining factual allegations are denied.

### 2. Mr. A. is referred for prosecution under "zero tolerance" resulting in separation

87.     Denied in part and admitted in part. Admitted that Mr. A. and C.D.A. were initially detained near the border. The remaining factual allegations are denied.

88.     Admitted only that Border Patrol Agent Victor Sandoval processed Mr. A. and C.D.A. when they were taken into custody. The United States lacks knowledge or information sufficient to form a reasonable belief as to the truth or falsity of the remaining allegations of paragraph 88 and therefore denies them.

89.     The United States lacks knowledge or information sufficient to form a reasonable belief as to the truth or falsity of the allegations of paragraph 89 and therefore denies them.

**3.   C.D.A. Sent to ORR Custody**

90.     Denied as stated. Admitted that C.D.A. was placed at Heartland Human Care Services, Inc., a state-licensed, ORR-funded care provider, in Chicago, Illinois. The United States denies that Mr. A. and C.D.A. did not speak to each other for three weeks. The United States lacks knowledge or information sufficient to form a reasonable belief as to the truth or falsity of the remaining allegations of paragraph 90 and therefore denies them.

91.     Denied. Paragraph 91 asserts Plaintiff C.D.A.'s damages claim. These are not factual assertions requiring a response and are therefore denied. The United States admits that on July 2, 2018, HHS approved C.D.A.'s attorney's request for C.D.A. to be seen by an external psychologist. The United States lacks knowledge or information sufficient to form a reasonable belief as to the truth or falsity of the remaining allegations of paragraph 91 and therefore denies them.

92.     Denied. Paragraph 92 asserts Plaintiff C.D.A.'s damages claim. These are not factual assertions requiring a response and are therefore denied. To the extent a response is required, the United States lacks knowledge or information sufficient to form a reasonable belief as to the truth or falsity of the allegations of paragraph 92 and therefore denies them.

93.     Admitted. The United States admits that C.D.A. was in the custody of ORR from May 27, 2018 to July 12, 2018 – 46 days.

   **4.   Mr. A remained in various federal custody locations**

94.     Admitted in part and denied in part. Admitted that Mr. A. was detained in federal custody in New Mexico and criminally charged with illegal entry under 8 U.S.C. § 1325. The remaining factual allegations are denied.

95.     Admitted in part and denied in part. Mr. A. was prosecuted and convicted of violating 8 U.S.C. § 1325 on June 6, 2018 and sentenced to time served. The United States lacks knowledge or information sufficient to form a reasonable belief as to the truth or falsity of the remaining allegations of paragraph 95 and therefore denies them.

96.     The United States lacks knowledge or information sufficient to form a reasonable belief as to the truth or falsity of the allegations of paragraph 96 and therefore denies them.

97.     Admitted that Mr. A. spoke with C.D.A. on June 5, 2018 and multiple times thereafter. The United States lacks knowledge or information sufficient to form a reasonable belief as to the truth or falsity of the remaining allegations of paragraph 97 and therefore denies them.

98.     Admitted that C.D.A. spoke with his mother and/or father bi-weekly while in ORR custody. The United States lacks knowledge or information sufficient to form a reasonable belief as to the truth or falsity of the

remaining allegations of paragraph 98 and therefore denies them.

**5.  Mr. A and C.D.A. are reunited and sent to family detention in Pennsylvania**

99.    The filings in *W.S.R. and C.D.A. v. Sessions* speak for themselves. C.D.A.'s characterization of his filings is not a factual assertion that requires a response. To the extent a response is required to the statements of Paragraph 99, they are denied.

100.    Plaintiffs cite to a complaint in another matter that speaks for itself and any characterization of it is denied. The United States lacks knowledge or information sufficient to form a reasonable belief as to the truth or falsity of the allegations of paragraph 100 and therefore denies them.

101.    The United States lacks knowledge or information sufficient to form a reasonable belief as to the truth or falsity of the allegations of paragraph 101 and therefore denies them.

102.    The United States lacks knowledge or information sufficient to form a reasonable belief as to the truth or falsity of the allegations of paragraph 102 and therefore denies them.

103.    The United States lacks knowledge or information sufficient to form a reasonable belief as to the truth or falsity of the allegations of paragraph 103 and therefore denies them.

104.    The United States lacks knowledge or information sufficient to form a reasonable belief as to the truth or falsity of the allegations of paragraph 104 and therefore denies them.

105. The United States lacks knowledge or information sufficient to form a reasonable belief as to the truth or falsity of the allegations of paragraph 105 and therefore denies them.

106. Denied. This paragraph cites the Convention Against Torture and does not make a factual assertion requiring a response.

107. Denied. The allegations in this paragraph were dismissed by the Court on March 28, 2023.

108. Denied. The allegations in this paragraph were dismissed by the Court on March 28, 2023.

109. Admitted.

110. Denied as stated. Plaintiffs cite to a 2020 ICE document that speaks for itself. All remaining factual allegations are denied.

111. To the extent this paragraph relates to Plaintiffs' torture claims, those claims were dismissed by the Court on March 28, 2023. Otherwise denied as stated. Admitted only that ICE housed noncitizens at the Berks County Residential Center ("BCRC") pursuant to written agreement and an ICE office was at the facility. Any remaining factual allegations are denied.

112. To the extent this paragraph relates to Plaintiffs' torture claims, those claims were dismissed by the Court on March 28, 2023. By way of further answer, admitted only that BCRC operated as a facility for detaining families.  All other factual allegations are denied.

113. To the extent this paragraph relates to Plaintiffs' torture claims, those

claims were dismissed by the Court on March 28, 2023. To the extent these factual allegations remain, they are denied.

114.   To the extent this paragraph relates to Plaintiffs' torture claims, those claims were dismissed by the Court on March 28, 2023. By way of further answer, The United States admits that bed checks were conducted each night.

115.   To the extent this paragraph relates to Plaintiffs' torture claims, those claims were dismissed by the Court on March 28, 2023. The allegations are otherwise denied as stated. By way of further answer, bed checks were conducted by non-ICE employees in accordance with the written procedures.

116.   To the extent this paragraph relates to Plaintiffs' torture claims, those claims were dismissed by the Court on March 28, 2023. To the extent this paragraph remains, the United States lacks knowledge or information sufficient to form a reasonable belief as to the truth or falsity of the allegations of paragraph 116 and therefore denies them.

117.   To the extent this paragraph relates to Plaintiffs' torture claims, those claims were dismissed by the Court on March 28, 2023. To the extent this paragraph remains, the United States lacks knowledge or information sufficient to form a reasonable belief as to the truth or falsity of the allegations of paragraph 117 and therefore denies them.

118.   To the extent this paragraph relates to Plaintiffs' torture claims, those claims were dismissed by the Court on March 28, 2023. To the extent this

paragraph remains, the United States lacks knowledge or information sufficient to form a reasonable belief as to the truth or falsity of the allegations and therefore denies them.

119.   To the extent this paragraph relates to Plaintiffs' torture claims, those claims were dismissed by the Court on March 28, 2023. To the extent this paragraph remains, the United States denies the factual assertions and legal conclusions.

120.   To the extent this paragraph relates to Plaintiffs' torture claims, those claims were dismissed by the Court on March 28, 2023. To the extent this paragraph remains, the United States admits that Mr. A. and C.D.A. were at the BCRC from July 12, 2018 to August 9, 2018, and the remaining allegations are denied.

121.   To the extent this paragraph presents Plaintiffs' torture claims, those claims were dismissed by the Court on March 28, 2023. To the extent this paragraph remains, Plaintiffs state their theory for damages, which does not require a response, but to the extent a response is required those assertions are denied.

122.   To the extent this paragraph relates to Plaintiffs' torture claims, those claims were dismissed by the Court on March 28, 2023. To the extent this paragraph remains, it is denied as a statement of the negative effects of alleged sleep deprivation not requiring a response.

123.   To the extent this paragraph relates to Plaintiffs' torture claims, those

claims were dismissed by the Court on March 28, 2023. To the extent this paragraph remains, Plaintiffs cite to a 1979 Supreme Court decision to support their argument that children should never be detained, which is denied as a legal conclusion requiring no response.

124.   This paragraph does not require an answer because Plaintiffs' torture claims were dismissed by the Court on March 28, 2023. To the extent this paragraph remains, the allegations are denied.

125.   This paragraph does not require an answer because Plaintiffs' torture claims were dismissed by the Court on March 28, 2023. To the extent this paragraph remains, the allegations are denied.

126.   This paragraph does not require an answer because Plaintiffs' torture claims were dismissed by the Court on March 28, 2023. To the extent this paragraph remains, the allegations are denied.

127.   This paragraph does not require an answer because Plaintiffs' torture claims were dismissed by the Court on March 28, 2023. To the extent the factual assertion in Paragraph 127 survives, it is denied.

128.   Denied.

129.   Admitted that Mr. A. and C.D.A. were released from BCRC following a positive credible fear interview with an asylum officer.

### 6. Mr. A. and C.D.A.'s Harms and Losses

130.   The *W.S.R.* decision speaks for itself and any characterization of it is denied. Plaintiffs' allegations characterizing the *W.S.R.* decision are not

statements of fact to which a response is required. To the extent a response is required, the United States denies Plaintiffs' allegations.

131.    Denied as stated. This paragraph is a statement of alleged harms suffered by the Plaintiffs. The United States currently lacks knowledge or information sufficient to evaluate Plaintiffs' damages claims and they are therefore denied.

132.    Denied. To the extent that this paragraph seemingly related to Plaintiffs' dismissed torture claim, survives, it is a statement of alleged harms suffered by the Plaintiffs. The United States currently lacks knowledge or information sufficient to evaluate Plaintiffs' damages claims and they are therefore denied.

133.    Denied as stated. This paragraph is a statement of alleged harms suffered by the plaintiff Mr. A. The United States currently lacks knowledge or information sufficient to evaluate Plaintiffs' damages claims and they are therefore denied.

134.    Denied as stated. This paragraph is a statement of alleged harms suffered by the Plaintiffs. The United States currently lacks knowledge or information sufficient to evaluate Plaintiffs' damages claims and they are therefore denied.

**D. The Five Week Separation of Mr. Q. and E.A.Q.A.**

   **1. Mr. Q. and his son leave Honduras.**

135.    The United States lacks knowledge or information sufficient to form a

reasonable belief as to the truth or falsity of the allegations of paragraph 135 and therefore denies them.

136.   The United States lacks knowledge or information sufficient to form a reasonable belief as to the truth or falsity of the allegations of paragraph 136 and therefore denies them.

137.   Admitted that Plaintiffs Mr. Q. and E.A.Q.A. were apprehended crossing the border in Texas and subsequently claimed asylum. The United States lacks knowledge or information sufficient to form a reasonable belief as to the truth or falsity of the remaining allegations of paragraph 137 and therefore denies them.

   **2.  Mr. Q. and E.A.Q.A. Detained and Separated.**

138.   Admitted in part and denied in part. Admitted that Mr. Q. and E.A.Q.A. were initially detained near the border. The remaining allegations are denied.

139.   Admitted in part and denied in part. Admitted that Plaintiffs were separated on June 9, 2018. The United States lacks knowledge or information sufficient to form a reasonable belief as to the truth or falsity of the remaining allegations of paragraph 139 and therefore denies them.

140.   The United States lacks knowledge or information sufficient to form a reasonable belief as to the truth or falsity of the allegations of paragraph 140 and therefore denies them.

141.   The United States lacks knowledge or information sufficient to form a

27

reasonable belief as to the truth or falsity of the allegations of paragraph 141 and therefore denies them.

### 3. E.A.Q.A. sent to O.R.R. custody

142.    Admitted that E.A.Q.A. was placed at Southwest Key Programs, Inc., a state-licensed, ORR-funded care provider, in Brownsville, Texas. Denied that Mr. Q and E.A.Q.A. did not speak for "over a month." E.A.Q.A. was able to speak with his father on July 4, 2018. The United States lacks knowledge or information sufficient to form a reasonable belief as to the truth or falsity of the remaining allegations of paragraph 142 and therefore denies them.

143.    The United States lacks knowledge or information sufficient to form a reasonable belief as to the truth or falsity of the allegations of paragraph 143 and therefore denies them.

### 4. Mr. Q. remained in various federal custody locations

144.    Admitted in part and denied in part. The United States admits that Mr. Q. was detained in Texas and charged with illegal reentry (8 U.S.C. § 1326), and he remained in Texas for approximately 15 days before subsequent transfers to other facilities. All other allegations are denied as stated.

145.    Denied as stated. The United States admits that E.A.Q.A. was able to speak with his father on July 4, 2018. The United States lacks knowledge or information sufficient to form a reasonable belief as to the truth or falsity of the remaining allegations of paragraph 145 and therefore denies them.

146.   The United States lacks knowledge or information sufficient to form a reasonable belief as to the truth or falsity of the allegations of paragraph 146 and therefore denies them.

147.   Denied as stated. The United States admits that E.A.Q.A was reunified with his father on July 18, 2018. The remaining allegations are denied.

148.   To the extent this paragraph relates to Plaintiffs' torture claims, those claims were dismissed by the Court on March 28, 2023. To the extent any factual assertions in Paragraph 148 survive, the United States lacks knowledge or information sufficient to form a reasonable belief as to the truth or falsity of the allegations of paragraph 148 and therefore denies them.

149.   The United States lacks knowledge or information sufficient to form a reasonable belief as to the truth or falsity of the allegations of paragraph 149 and therefore denies them.

150.   Plaintiffs' torture claims were dismissed by the Court on March 28, 2023. To the extent the allegations of paragraph 150 remain, they are denied.

**5. Reunification**

151.   Admitted that Mr. Q. and E.A.Q.A, were reunited on July 18, 2018. The United States lacks knowledge or information sufficient to form a reasonable belief as to the truth or falsity of the remaining allegations of paragraph 151 and therefore denies them.

152.   Admitted.

### 6. Mr. Q and E.A.Q.A's harms and losses

153.    Denied as stated. The paragraph is a statement of alleged harms suffered by the Plaintiffs. The United States currently lacks information or knowledge sufficient to evaluate Plaintiffs' damages claims and they are therefore denied.

154.    Denied as stated. This paragraph is a statement of alleged harms suffered by the Plaintiffs. The United States currently lacks knowledge or information sufficient to evaluate Plaintiffs' damages claims and they are therefore denied.

155.    Denied as stated. This paragraph is a statement of alleged harms suffered by the Plaintiffs. The United States currently lacks knowledge or information sufficient to evaluate Plaintiffs' damages claims and they are therefore denied.

### COUNT I – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

156.    All preceding answers are hereby incorporated by reference.

157.    The United States denies the allegations of paragraph 157 as stating legal conclusions requiring no response. To the extent a response is required, the United States denies these allegations.

158.    The United States denies the allegations of paragraph 158 as stating legal conclusions requiring no response. To the extent a response is required, the United States denies these allegations.

159.    The United States denies the allegations of paragraph 159 as stating

legal conclusions requiring no response. To the extent a response is required, the United States denies these allegations.

160.    The United States denies the allegations of paragraph 160 as stating legal conclusions requiring no response. To the extent a response is required, the United States denies these allegations.

## COUNT II – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

161.    The United States reasserts and incorporates its previous answers.

162.    This paragraph does not require an answer because Plaintiffs' negligent infliction of emotional distress claims were dismissed by the Court on March 28, 2023.

163.    This paragraph does not require an answer because Plaintiffs' negligent infliction of emotional distress claims were dismissed by the Court on March 28, 2023.

164.    This paragraph does not require an answer because Plaintiffs' negligent infliction of emotional distress claims were dismissed by the Court on March 28, 2023.

165.    This paragraph does not require an answer because Plaintiffs' negligent infliction of emotional distress claims were dismissed by the Court on March 28, 2023.

## COUNT III – NEGLIGENCE

166.    All preceding answers are incorporated herein.

167.    This paragraph does not require an answer because Plaintiffs'

31

negligence claims were dismissed by the Court on March 28, 2023.

168.   This paragraph does not require an answer because Plaintiffs' negligence claims were dismissed by the Court on March 28, 2023.

169.   This paragraph does not require an answer because Plaintiffs' negligence claims were dismissed by the Court on March 28, 2023.

### COUNT IV – ABUSE OF PROCESS

170.   All preceding answers are incorporated herein.

171.   This paragraph does not require an answer because Plaintiffs' abuse of process claims were dismissed by the Court on March 28, 2023.

172.   This paragraph does not require an answer because Plaintiffs' abuse of process claims were dismissed by the Court on March 28, 2023.

173.   This paragraph does not require an answer because Plaintiffs' abuse of process claims were dismissed by the Court on March 28, 2023.

174.   This paragraph does not require an answer because Plaintiffs' abuse of process claims were dismissed by the Court on March 28, 2023.

### COUNT V – LOSS OF CONSORTIUM

175.   All preceding answers are incorporated herein.

176.   This paragraph does not require an answer because Plaintiffs' loss of consortium claims were dismissed by the Court on March 28, 2023.

177.   This paragraph does not require an answer because Plaintiffs' loss of consortium claims were dismissed by the Court on March 28, 2023.

178.   This paragraph does not require an answer because Plaintiffs' loss of

consortium claims were dismissed by the Court on March 28, 2023.

## COUNT VI – TORTURE

179.  All preceding answers are incorporated herein.

180.  This paragraph does not require an answer because Plaintiffs' torture claims were dismissed by the Court on March 28, 2023.

181.  This paragraph does not require an answer because Plaintiffs' torture claims were dismissed by the Court on March 28, 2023.

182.  This paragraph does not require an answer because Plaintiffs' torture claims were dismissed by the Court on March 28, 2023.

183.  This paragraph does not require an answer because Plaintiffs' torture claims were dismissed by the Court on March 28, 2023.

184.  This paragraph does not require an answer because Plaintiffs' torture claims were dismissed by the Court on March 28, 2023.

185.  This paragraph does not require an answer because Plaintiffs' torture claims were dismissed by the Court on March 28, 2023.

## COUNT VII – CRIME AGAINST HUMANITY: PERSECUTION

186.  All preceding answers are incorporated herein.

187.  This paragraph does not require an answer because Plaintiffs' crimes against humanity claims were dismissed by the Court on March 28, 2023.

188.  This paragraph does not require an answer because Plaintiffs' crimes against humanity claims were dismissed by the Court on March 28, 2023.

189.  This paragraph does not require an answer because Plaintiffs' crimes

against humanity claims were dismissed by the Court on March 28, 2023.

190.   This paragraph does not require an answer because Plaintiffs' crimes against humanity claims were dismissed by the Court on March 28, 2023.

191.   This paragraph does not require an answer because Plaintiffs' crimes against humanity claims were dismissed by the Court on March 28, 2023.

192.   This paragraph does not require an answer because Plaintiffs' crimes against humanity claims were dismissed by the Court on March 28, 2023.

193.   This paragraph does not require an answer because Plaintiffs' crimes against humanity claims were dismissed by the Court on March 28, 2023.

### COUNT VIII – CRIME AGAINST HUMANITY: INHUMANE ACTS

194.   All preceding answers are incorporated herein.

195.   This paragraph does not require an answer because Plaintiffs' crimes against humanity claims for inhumane acts were dismissed by the Court on March 28, 2023.

196.   This paragraph does not require an answer because Plaintiffs' crimes against humanity claims for inhumane acts were dismissed by the Court on March 28, 2023.

197.   This paragraph does not require an answer because Plaintiffs' crimes against humanity claims for inhumane acts were dismissed by the Court on March 28, 2023.

198.   This paragraph does not require an answer because Plaintiffs' crimes against humanity claims for inhumane acts were dismissed by the Court on

March 28, 2023.

199.    This paragraph does not require an answer because Plaintiffs' crimes against humanity claims for inhumane acts were dismissed by the Court on March 28, 2023.

200.    This paragraph does not require an answer because Plaintiffs' crimes against humanity claims for inhumane acts were dismissed by the Court on March 28, 2023.

201.    This paragraph does not require an answer because Plaintiffs' crimes against humanity claims for inhumane acts were dismissed by the Court on March 28, 2023.

**Prayer for Relief**

The remaining paragraphs constitute Plaintiffs' prayer for relief, therefore no response is required.

## AFFIRMATIVE AND OTHER DEFENSES

In further answering the Amended Complaint, the United States raises the following affirmative and other defenses:

### FIRST AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction over Plaintiffs' claims.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred to the extent that they are based on the exercise or performance or the failure to exercise or perform a discretionary function or duty. 28 U.S.C. § 2680(a).

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred to the extent that they are based on the execution of federal statutes or regulations. 28 U.S.C. § 2680(a).

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a claim on which relief may be granted in whole or in part.

### FIFTH AFFIRMATIVE DEFENSE

The United States has waived its sovereign immunity only for the actions of "employees of the government" as defined in 28 U.S.C. § 2671.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' recovery of damages, if any, is limited by federal and applicable state law.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' recovery against the United States, if any, is limited to the amount stated in timely and properly presented administrative claims. 28 U.S.C. § 2675(b). To the extent Plaintiffs have not timely or properly presented administrative tort claims, or seek relief different from, or in excess of, that set forth in a timely and properly filed administrative tort claim, Plaintiffs have not exhausted their administrative remedies.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs may not recover punitive damages, non-monetary damages, or pre-judgment interest under the Federal Tort Claims Act. 28 U.S.C. § 2674.

## NINTH AFFIRMATIVE DEFENSE

To the extent the Court enters a money judgment against the United States, Plaintiffs are entitled to post-judgment interest only in accordance with the provisions of 28 U.S.C. § 1961(b) and 31 U.S.C. § 1304(b).

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by any exception to or limitation on the United States' waiver of sovereign immunity.

## ELEVENTH AFFIRMATIVE DEFENSE

The United States asserts that it has, or may have, additional defenses that are not known to the United States at this time but may be ascertained through discovery in this action. The United States specifically preserves these defenses and reserves the right to amend its Answer with additional affirmative or other defenses

that may be available, including any defenses under Rules 8 and 12 of the Federal Rules of Civil Procedure.

WHEREFORE, the United States respectfully submits this Answer to the Complaint.

Respectfully submitted,

JACQUELINE C. ROMERO
United States Attorney

/s/ Susan Becker for
GREGORY B. DAVID
Assistant United States Attorney
Chief, Civil Division

/s/ Anthony St. Joseph
VERONICA J. FINKELSTEIN
ANTHONY ST. JOSEPH
Assistant United States Attorneys
615 Chestnut Street, Suite 1250
Philadelphia, PA  19106
Tel:  215-861-8598/8267
Fax:  215-861-8618
Veronica.Finkelstein@usdoj.gov
Anthony.Stjoseph@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date the foregoing Answer was filed electronically and is available for viewing and downloading from the ECF system.


Dated:  <u>May 18, 2023</u>

 /s/ Anthony St. Joseph
ANTHONY ST. JOSEPH