UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| C.D.A., minor child, and Mr. A., his father; and E.A.Q.A., minor child, and Mr. Q., his father,<br><br>*Plaintiffs*,<br><br>v.<br><br>United States of America,<br><br>*Defendant*. | Case No. 5:21-cv-00469<br><br>**JOINT CASE MANAGEMENT REPORT** |

# JOINT RULE 26(F) REPORT

This Rule 26(f) Case Management Report is submitted by Plaintiffs C.D.A., minor child, and Mr. A., his father, and E.A.Q.A., minor child, and Mr. Q., his father (together, "Plaintiffs") and Defendant the United States of America (the "Government" or "Defendant"). On June 13, 2023, counsel for Plaintiffs and counsel for Defendant held a telephonic planning meeting pursuant to 26(f)(2), and submit this report outlining their discovery plan as set forth below.

**A. The nature of the case: the factual and legal basis of Plaintiffs' claims and Defendant's defenses**

**1. Plaintiffs' Description of Their Claims:**

**a. C.D.A. and Mr. A**

Plaintiffs Mr. A and his son C.D.A., natives of Brazil, bring suit under the Federal Tort Claims Act ("FTCA") against the United States for damages incurred from the separation of Mr. A and C.D.A. under the Trump Administration's Zero Tolerance and offshoot Family Separation policy. Mr. A and C.D.A. fled Brazil to seek asylum in the United States arising from, among other things, Mr. A's fears that a criminal enterprise to which he owes money will conscript C.D.A. if he fails to repay the organization. After Mr. A and C.D.A. entered the United States on or about May 23, 2018, they were apprehended by Customs and Border Protection ("CBP"). On or about May 25, 2018, a CBP officer informed Mr. A and C.D.A., then 9 years old, that they would be separated for a period of three to five days. However, without Mr. A's knowledge, C.D.A. was instead placed into the custody of the Office of Refugee Resettlement ("ORR") and transported to Chicago, where he remained separated from his father for forty-seven days. Mr. A was held in federal custody, where he ultimately pleaded guilty to a violation of 8 U.S.C. § 1325 in the hope that it would allow him to reunite with his son. While in ORR custody, C.D.A. filed a lawsuit against the United States for violations of his substantive due process rights and the *Flores*

Settlement Agreement. The Court enjoined the Government form deporting Mr. A without C.D.A., and ordered the pair be reunited. Despite the Court order, Immigration and Customs Enforcement ("ICE") officers conditioned the reunification of Mr. A and C.D.A. on Mr. A's waiver of his and his son's right to seek asylum in the United States. Only after Mr. A had waived his and C.D.A.'s right to seek asylum were they reunited in Chicago, only to be transferred to the Berks County Residential Center in Pennsylvania, where they were subjected to sleep-deprivation and other inhumane conditions. The illegal separation and subsequent detention by the United States Government of Mr. A and C.D.A. both exacerbated the trauma that led to their attempt to seek asylum in the U.S. and caused additional, significant, and continuing emotional and mental trauma to both father and son. C.D.A. and Mr. A bring claims against the Government for intentional infliction of emotional distress due to their forced separation and abuse of process relating to the Government's use of the separation and removal proceedings as improper leverage to force Mr. A to abandon his asylum rights.

### b. E.A.Q.A. and Mr. Q

Plaintiffs Mr. Q and his son E.A.Q.A., natives of Honduras, bring suit under the Federal Tort Claims Act for damages incurred from the separation of Mr. Q and E.A.Q.A under the Trump Administration's Zero Tolerance and offshoot Family Separation policy. Mr. Q and E.A.Q.A. fled Honduras after Mr. Q's mechanic shop was threatened by gangs and his assistance in the subsequent police investigation resulted in threats to his and his family's lives. Mr. Q and E.A.Q.A. entered the United States seeking asylum on or about June 7, 2018 and were apprehended by CBP and detained near the border. On or about June 9, 2018, a female CBP officer separated then 10-year old E.A.Q.A. from his father, after which E.A.Q.A. was transferred to an ORR facility in Brownsville, Texas. Mr. Q was held in five different detention centers after being charged with illegal reentry under 8 U.S.C. § 1326, charges that were later dismissed. During that time, government officials repeatedly attempted to coerce Mr. Q into signing away his and his son's rights, but he refused to sign. Mr. Q and E.A.Q.A. spoke only once during their 35-day separation before ultimately being reunited on or about July 15, 2018 and released three days later. The forced separation of Mr. Q and E.A.Q.A. exacerbated the trauma that led to their attempt to seek asylum in the U.S. and caused additional, significant, and continuing emotional and mental trauma to both father and son. E.A.Q.A. and Mr. Q. bring a claim against the Government for intentional infliction of emotional distress due to their forced separation.

### 2. Defendant's Description of Its Defenses:

In 2018, Plaintiffs Mr. A. and Mr. Q. each unlawfully entered the United States. At the time he entered, Mr. A. had his son, C.D.A., with him. At the time he entered, Mr. Q. had his son, E.A.Q.A., with him. Mr. A., Mr. Q., and their respective sons, were apprehended on separate days when they unlawfully crossed the border of the United States from Mexico. The two were each referred to a U.S. Attorney's Office for prosecution for violations of 8 U.S.C. § 1325 and § 1326, respectively. After Mr. A. and Mr. Q. were referred for prosecution, their sons were placed in the Department of Health and Human Services, Office of Refugee Resettlement's custody.

The plaintiffs entered the United States during a time in which the former administration enforced a "Zero Tolerance Policy" of referring for criminal enforcement any unlawful entrant

found crossing the southern border at a location other than an official port of entry. The United States has now denounced this policy and committed itself to family reunification.

Although the plaintiffs pled a litany of claims in their amended complaint, most of those claims have been dismissed, with prejudice. The remaining case is quite narrow. Two claims remain. In Count I of the complaint, both sets of plaintiffs assert a claim for intentional infliction of emotional distress stemming from enactment and enforcement of the Zero Tolerance Policy. In Count IV, plaintiffs Mr. A. and C.D.A. assert a claim for abuse of process stemming from pressure Mr. A. claims he received in an effort to convince him to relinquish any asylum claims in exchange for reunification with his son. Only these two claims remain, and these are the only two claims on which discovery is appropriate. The United States opposes efforts to expand litigation of this civil action beyond the scope of the limited claims that remain.

3. **The factual and legal issues genuinely in dispute and whether they can be narrowed by stipulation or motions**

Liability and damages are in dispute. The scope of discovery also appears to be a likely source of dispute between the parties.

4. **The jurisdictional basis of the case citing specific jurisdictional statutes**

The Court has jurisdiction over the case pursuant to 28 U.S.C. §§ 1331, 1346(b). *See* Mar. 28, 2023 Opinion [Doc. 61] at 26 (denying government's motion to dismiss for lack of subject matter jurisdiction). The United States reserves the right to raise any arguments relating to jurisdiction at the time dispositive motions are filed.

5. **The parties, if any, that have not been served and an explanation of why they have not been served; and any parties which have been served but have not answered or otherwise appeared**

The parties do not expect to add parties or amend the pleadings, which have been amended once as of right, at this time. Any necessary amendments will be made after seeking leave of the Court as necessary.

6. **Whether there are dispositive or partially dispositive issues to be decided by pretrial motions**

The United States intends to file a motion for summary judgment; pending discovery, Plaintiffs have not yet determined the extent of potentially dispositive issues for resolution via pretrial motion.

7. **The status of related cases pending before other judges of this Court or before other courts**

There are no related cases pending in this District.

There are currently more than thirty (30) cases pending before other courts challenging the United States' implementation of policies to refer adult non-citizens for prosecution, and subsequent detention, for illegal entry at the United States-Mexico border, resulting in the separation of parents and children. They include: *C.M., et al. v. United States*, No. 2:19-cv-05217-SRB (D. Ariz.) (fact discovery closed); *A.P.F., et al. v. United States*, No. 2:20-cv-00065-SRB (D. Ariz.) (motions for summary judgment fully briefed) fact discovery closed); *A.I.I.L., et al. v. Sessions*, et al., No. 4:19-cv-00481-JCH (D. Ariz.) (motion to transfer to S.D. Tex. Granted on Apr. 11, 2023); *F.R. v. United States*, No. 2:21-cv-00339-DLR (D. Ariz.) (12(b)(1) motion to dismiss denied in part and granted in part); *B.A.D.J. v. United States*, No. 2:21-cv-00215-SMB (D. Ariz.) (in discovery); *E.S.M. v. United States*, No. 4:21-cv-00029-JAS (D. Ariz.) (in discovery); *Fuentes-Ortega v. United States*, No. 2:22-cv-00449 (D. Ariz.) (in discovery); *J.P., et al. v. United States*, No. 2:22-cv-00683-MTL (D. Ariz.) (motion to dismiss pending); and *M.S.E., et al. v. United States*, No. 2:22-cv-01242-JZB (D. Ariz.) (motion to dismiss pending); *J.J.P.B. v. United States*, No. 7:23-cv-00133 (S.D. Tex.) (filed Apr. 13, 2023); *D.A. v. United States*, No. 3:22-cv-00295 (W.D. Tex.) (in discovery); *D.J.C.V. v. United States*, No. 1:20-cv-05747 (S.D.N.Y.) (pending motion to dismiss post jurisdictional discovery); *R.Y.M.R. v. United States*, No. 1:20-cv-23598 (S.D. Fla.) (in discovery); *E.L.A. v. United States*, No. 2:20-cv-01524 (W.D. Wa.) (in discovery); *K.O. v. United States*, No. 4:20-cv-12015 (D. Mass.) (pending motion to preclude damages in excess of administrative claim sum); *S.E.B.M. v. United States*, No. 1:21-cv-00095 (D.N.M.) (motion to alter judgment pending); *C.M. v. United States*, No. 5:21-cv-00234 (W.D. Tex.) (Gov't answered complaint on Jun. 12, 2023); *A.F.P. v. United States*, No. 1:21-cv-00780 (E.D. Cal.) (in discovery); *W.P.V. v. Cayuga Home for Children, Inc.*, No. 3:23-cv-00074 (W.D. Tex.) (motion to dismiss pending); *P.G. v. United States*, No. 4:21-cv-04457 (N.D. Cal.) (in discovery); *A.E.S.E. v. United States*, No. 2:21-cv-00569 (D.N.M.) (in discovery); *Esvin Fernando Arredondo Rodriguez v. United States*, No. 2:22-cv-02845 (C.D. Cal.) (in discovery); *Flores Benitez v. Miller*, No. 3:22-cv-00884 (D. Conn.) (motion to dismiss pending); *F.C.C. v. United States*, No. 2:22-cv-05057 (E.D.N.Y.) (motion to transfer pending); *J.R.G. v. United States*, No. 4:22-cv-05183 (N.D. Cal.) (in discovery); *I.T. v. United States*, No. 4:22-cv-05333 (N.D. Cal.) (referred to magistrate judge for settlement conference); *B.Y.C.C. v. United States*, No. 3:22-cv-06586 (D.N.J.) (consolidated motion to dismiss pending); *J.A.L.C. v. United States*, No. 3:22-cv-06587 (D.N.J.) (consolidated motion to dismiss pending); *R.J.P. v. United States*, No. 3:22-cv-06588 (D.N.J.) (consolidated motion to dismiss pending); *Leticia & Yovany v. United States*, No. 1:22-cv-07527 (E.D.N.Y.) (pre-motion conference held on Apr. 3, 2023); *Argueta Caal v. United States*, No. 1:23-cv-00598 (N.D. Ill.) (discovery stayed pending decision on motion to dismiss); *Gonzales de Zuniga v. United States*, No. 2:23-cv-00162 (D.N.M.) (complaint filed in Feb. 2023); *M.A.N.H. v. United States*, No. 5:23-cv-00372 (C.D. Cal.) (time to answer extended on May 3, 2023); *J.P. v. United States*, No. 1:23-cv-01136) (C.D. Ill.) (time to answer or reply extended on Jun. 1, 2023); *M.M.C. v. United States*, No. 1:23-cv-00158 (D.R.I.) (complaint filed in Apr. 2023); *P.C.J. v. United States*, No. 2:23-cv-00780 (D. Ariz.) (complaint filed in May 2023).

8. **A statement of when initial disclosures were made or will be made, or any proposed changes in the requirements for initial disclosures set forth in Rule 26(a), Federal Rules of Civil Procedure**

The parties agree to exchange initial disclosure statements on or before June 27, 2023.

9. **Proposed deadlines for:**

    a. **Service of first sets of document requests**

    August 1, 2023

    b. **Service of first sets of interrogatories**

    August 18, 2023

    c. **Completing written discovery and the deposition of fact witnesses**

    January 19, 2024

    d. **Filing motions to amend pleadings and motions to join additional parties**

    February 16, 2024

    e. **Disclosure of expert testimony under Rule 26(a)(2), Federal Rules of Civil Procedure and for completing expert witness depositions**

    The parties agree to disclose expert reports simultaneously, on April 5, 2024, followed by both sides disclosing rebuttal opinions simultaneously on April 19, 2024.

    f. **Disclosure of Electronically Stored Information ("ESI")**

    The parties agree to negotiate a stipulation that will address the nature and contents of ESI disclosures, and will make those disclosures in keeping with the other discovery deadlines in this case.

    g. **Filing dispositive motions**

    May 17, 2024

    h. **Conducting settlement negotiations**

    June 14, 2024

10. **Estimated length of trial**

The parties anticipate a need for up to 8 trial days.

11. **Whether a jury trial has been requested**

The parties agree that FTCA claims are not eligible for jury trials.

**12. The prospects for settlement, including any request to have a settlement conference before a Magistrate Judge**

The parties agree that this case may be suitable for reference to a Magistrate Judge for a settlement conference at a later date.

**13. Any unusual, difficult, or complex problems affecting the conduct of the case**

The United States' position is that it objects to an expanded scope of discovery that exceeds the boundaries of what is contemplated by Rule 26. Only two claims remain in this civil action. Count I relates to the enactment and enforcement of the Zero Tolerance Policy. Count IV relates to specific discussions alleged to have occurred between Mr. A. and certain specific government officials. The United States objects to discovery on other topics, including many outlined in the amended complaint, which do not relate to the two remaining claims.

The allegations in Count I are not specific to the plaintiffs in this civil action. These allegations have already been the subject of extensive discovery by other plaintiffs who have filed similar actions. In light of the proportionality requirements in Rule 26, the United States objects to re-litigating these issues wholesale when discovery provided in other similar actions can be provided instead.

The parties reserve all other objections to the use of discovery materials, including deposition transcripts, under the Federal Rules of Civil Procedure and Federal Rules of Evidence. Further, the government has agreed to disclose all policy-level documents that have been disclosed or produced in these actions to the extent such documents are responsive to discovery requests in this civil action.

The United States requests that Plaintiffs promulgate specific document requests compliant with the Federal Rules of Civil Procedure than broadly made this request. The United States is willing to negotiate the production of the above-referenced deposition transcripts and policy-level documents but only on the condition that the Plaintiffs agree to reasonable limit discovery in this civil action in exchange for this broad production.

As to the remaining claim in this civil action, Count IV, this claim relates solely to allegations that Mr. A. was coerced by representatives of Immigration and Customs Enforcement in Chicago, Illinois. Unlike Count I, Count IV is specific to one set of plaintiffs in this civil action—Mr. A. and C.D.A. The United States agrees to discovery, within the scope of Rule 26, related to the specific conversations alleged by Mr. A. to be coercive.

The United States does not believe additional discovery is appropriate in this civil action given the limited claims that remain. Discovery is not appropriate as to the numerous dismissed claims given that these claims have been dismissed with prejudice.

Plaintiffs' position is, given there are a number of other "family separation" cases around the country as described herein, Plaintiffs would be willing to agree not to object on the ground

*ACTIVE 688449556v2*

that the deposition was taken in a separate action to the use of "policy related" deposition transcripts that were taken in the other "family separation" cases. *See* Fed. R. Civ. P. 32(a)(8). However, Plaintiffs have requested that the United States identify the similar cases from which it proposes to produce that "policy related" discovery. Plaintiffs cannot agree to the use of "policy related" discovery without first knowing the body of similar cases, and the materials produced therein, from which the United States intends to search for discovery material to produce in this case.

Plaintiffs do not dispute the parties' obligation to promulgate and serve document requests and interrogatories seeking information relevant to their claims or defenses, or that either party may object to the scope of those requests. However, Plaintiffs disagree as to the limits the United States seeks to impose on discovery in this Discovery Plan with respect to the claims at issue. Plaintiffs cannot agree that discovery should be limited to materials that have been generated in the other "family separation" cases when those materials have not yet been identified in this matter and Plaintiffs have not yet had the opportunity to review them for sufficiency or responsiveness.

Plaintiffs additionally disagree that the allegations in Count I are not specific to them or to the trauma that was intentionally inflicted upon each parent and child as a result of the Zero Tolerance Policy and the Family Separation Policy, particularly as it relates to damages. With respect to Count IV, alleging the government's abuse of process, Plaintiffs further disagree that such a claim is limited to discovery regarding "the specific conversations" alleged to be coercive, which were just one part of a larger plan intended to compel Plaintiffs to forfeit their rights.

In the interests of judicial economy, Plaintiffs request that the United States disclose the universe of materials from which they intend to search for responsive policy-level documents or deposition transcripts on or before September 1, 2023. Additionally, Plaintiffs reserve their right to seek the entirety of the searched "policy-based" materials for which the Government appears to concede relevance, since any limitations at this point would appear to be artificial and against Rule 26.

**14. Any other matters which will aid the Court and the parties in resolving this case in a just, speedy, and inexpensive manner as required by Rule 1, Federal Rules of Civil Procedure**

Plaintiffs' position regarding the production of "policy-based discovery" from the "family separation" cases specified above (*see* Response to No. 13) is as follows: Plaintiffs are amenable to working with the Government on the use of discovery obtained and produced in these other matters in order to avoid duplicating prior depositions and discovery directed at common witnesses in this case. However, there is no basis under the Federal Rules of Civil Procedure for limiting discovery based on the existence of these materials (this case has not been consolidated with those actions, and, notably, the Government's motions to consolidate have been denied in other proceedings, *see, e.g., A.I.I.L. v. United States*, No. 4:19-cv-00481 (D. Ariz.) (denying defendant's motion to consolidate discovery with *C.M. v. United States* & *A.P.F. v. United States*); *F.R. v. United States*, No. 2:21-cv-00339 (D. Ariz.) (same)). Moreover, Plaintiffs have not reviewed these materials and cannot agree to their sufficiency or completeness with regard to the issues in this

7

case, nor can efficiency for the Government trump the rights of Plaintiffs to conduct discovery how they see fit and as needed for their case.

The United Stated disagrees that additional discovery is necessary or appropriate. Count I does not challenge any action specific to the plaintiffs. Rather, Count I is a challenge to the former administration's Zero Tolerance Policy writ large. Extensive discovery on this policy has already occurred, conducted on behalf of similarly situated plaintiff asserting nearly identical claims. Depositions of high federal government employees involved on a national level in the challenged policy decisions, including representatives of Customs and Border Protection, U.S. Border Patrol, Immigrations and Customers Enforcement, the Department of Homeland Security, the Department of Justice, and the Department of Health and Human Services, have already occurred. These depositions and other policy-specific discovery should suffice and Plaintiffs should be required to specifically articulate a need for any additional discovery.

The allegations in Count I of the complaint are not specific to these Plaintiffs here and additional discovery beyond what has occurred in other cases is likely unnecessary. The United States has requested that discovery proceed in a typical manner in this case—the Plaintiffs should serve discovery requests, the United States shall respond (objecting or responding substantively as appropriate), and to the extent the Plaintiffs believe they need discovery beyond what is produced in response to their requests, the Court can determine if additional discovery is necessary.

Respectfully submitted this 27th day of June, 2023.

**GREENBERG TRAURIG, LLP**

By: /s/ Richard A. Edlin

Richard A. Edlin
Anne C. Reddy (*pro hac vice*)
Daniel Friedman (*pro hac vice*)
Blake M. Bailus (*pro hac vice*)
Adam Kirschbaum (*pro hac vice*)
Sarah E. Catterson (*pro hac vice*)
One Vanderbilt Avenue
New York, New York 10017
Phone: 212-801-9200
Edlinr@gtlaw.com

Karen L. Hoffmann
Law Offices of Stanley J. Ellenberg, Esq., PC
Two Penn Center
1500 John F. Kennedy Blvd. Suite 1825
Philadelphia, PA 19102
Phone: (215) 790-1682
karen@sellenberglaw.com

8

ACTIVE 688449556v2

Bridget Cambria
ALDEA – THE PEOPLE'S JUSTICE CENTER
532 Walnut Street
Reading, PA 19601
484-877-8002
bridget@aldeapjc.org

*Attorneys for Plaintiffs*


JACQUELINE C. ROMERO
United States Attorney

/s/ Susan R. Becker for GBD
GREGORY B. DAVID
Assistant United States Attorney
Chief, Civil Division

/s/ Veronica J. Finkelstein
VERONICA J. FINKELSTEIN
ANTHONY ST. JOSEPH
Assistant United States Attorneys

*Counsel for the United States of America*

9